1

2

3

4

5          IN THE UNITED STATES DISTRICT COURT

6

7          FOR THE NORTHERN DISTRICT OF CALIFORNIA

8   JOSEPH MCINERNEY,                           No.  C 09-00430 JSW

9            Plaintiff,                         **ORDER RESETTING HEARING
                                                ON MOTION FOR SUMMARY
10     v.                                       JUDGMENT AND RAND NOTICE**

11  CITY & COUNTY OF SAN FRANCISCO, et
    al.,
12
             Defendants.
13
    _____/
14

15          This matter is currently set for a hearing on July 2, 2010 at 9:00 a.m. on Defendants'

16  Motion for Summary Judgment, to Dismiss Unserved Defendants, and for Judgment on the

17  Pleadings.  Defendants have moved, pursuant to Federal Rule of Civil Procedure 56, for

18  summary judgment on the ground that there is no genuine dispute regarding any material issue

19  of fact.  Having not received a timely opposition brief to the motion from Plaintiff, Joseph

20  McInerney ("McInerney") the Court HEREBY VACATES the hearing date and RESETS the

21  hearing for **August 6, 2010 at 9:00 a.m.**  The Initial Case Management Conference set for that

22  date is VACATED.

23          McInerney has an obligation to file an opposition to Defendants' motion for summary

24  judgment and failure to do so may result in the **dismissal** of this case with prejudice.  A motion

25  for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted,

26  end Plaintiff's case.  *See Rand v. Rowland*, 154 F.3d 952, 953-54 (9th Cir. 1998) (en banc).  A

27  principal purpose of the summary judgment procedure is to identify and dispose of factually

28  supported claims.  *See Celotex Corp. v. Cattrett*, 477 U.S. 317, 323-24 (1986).  In order to

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1  withstand a motion for summary judgment, the opposing party must set forth specific

2  facts showing that there is a genuine issue of material fact in dispute. Fed. R. Civ. P. 56(e). A

3  dispute about a material fact is genuine "if the evidence is such that a reasonable jury could

4  return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248

5  (1986). In the absence of such facts, "the moving party is entitled to a judgment as a matter of

6  law." *Celotex Corp*., 477 at 323.

7        In opposing summary judgment, McInerney is not entitled to rely on the allegations of

8  his complaint. *See* Fed. R. Civ. P. 56(e); *cf. S. A. Empresa de Viacao Aerea Rio Grandense*

9  (*Varig Airlines*) *v. Walter Kidde & Co.*, 690 F.2d 1235, 1238 (9th Cir. 1982) (stating that "a

10  party cannot manufacture a genuine issue of material fact merely by making assertions in its

11  legal memoranda"). Rather, McInerney's response must set forth specific facts supported by

12  admissible evidence, *i.e*., affidavits or certified deposition testimony, showing that there is a

13  genuine issue for trial. *See id.*; *see also Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996)

14  (quoting *Richards v. Combined Ins. Co.*, 55 F.3d 247, 251 (7th Cir. 1995), and stating that it is

15  not a district court's task to "scour the record in search of a genuine issue of triable fact"). If

16  summary judgment is granted, McInerney's case will be dismissed and there will be no trial.

17  *See Rand*, 154 F.3d at 953-54.

18        Accordingly, McInerney has until **Friday, July 9, 2010**, to file an opposition to

19  Defendants' motion. Defendants may file a reply brief no later than **July 16, 2010**. If no

20  opposition is filed, summary judgment may be granted. If summary judgment is granted,

21  McInerney's case will be dismissed. If Plaintiff McInerney files an opposition, and if the Court

22  determines that the matter is suitable for resolution without oral argument, it will so advise the

23  parties in advance of the hearing date.

24  //

25  //

26  //

27  //

28

1    If the parties wish to modify this schedule, they may submit for the Court's

2 consideration a stipulation and proposed order demonstrating good cause for any modification

3 requested.

4    **IT IS SO ORDERED.**

5 Dated:   June 15, 2010

6 _____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JOSEPH MCINERNEY,

          Plaintiff,

  v.

SF CITY & COUNTY et al,

          Defendant.

_____/

Case Number: CV09-00430 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 15, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Joseph McInerney
P.O. Box 2625
San Jose, CA 95113

Dated: June 15, 2010

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk

4